IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,
    Plaintiff

v.

D. VARANO, et al.,
    Defendants

CIVIL NO. 3:11-CV-891

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM and ORDER

On May 11, 2011, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against eighteen (18) corrections officials at the State Correctional Institution Coal Township, Pennsylvania ("SCI-Coal"). (Doc. 1). The Complaint asserted nine (9) claims occurring between February 17, 2010 and May 11, 2011, while Plaintiff was incarcerated at SCI-Coal. (Id.). Plaintiff alleged, inter alia, that he was denied mental health treatment for his post-traumatic stress disorder, he was issued false misconducts and otherwise retaliated against, his property was destroyed or taken from his cell, he was subjected to excessive force on April 28, 2011, and he was continually harassed and threatened. (Id.). On July 12, 2011, Plaintiff filed an Amended Complaint, which identified two (2) of the John Doe defendants named in the original Complaint, substituted several defendants, and added two claims. (Id.). One of the new claims relates to the medical treatment Plaintiff received at SCI-Coal, but the other alleged that Magistrate Judge Carlson erred by refusing to recuse himself from Victor v. SCI-Smithfield, et al., Civil No. 08-1374 (M.D. Pa. 2008) (Nealon, J.). See (Doc. 23, Claims #1 and #7). On July 28, 2011, Plaintiff sent a letter requesting that Magistrate Judge Carlson be removed as the referral judge because he has been named as a defendant.

FILED
SCRANTON

1

AUG 1 2 2011

PER _____
    DEPUTY CLERK

**Discussion**

Pursuant to 28 U.S.C. § 1915A, a court must screen all prisoner complaints filed against "a governmental entity or officer or employee of a governmental entity" to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b). "In applying this screening standard, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Hudson v. Donate, 2007 U.S. Dist. LEXIS 29712, *2 (M.D. Pa. 2007) (Rambo, J.). Accordingly, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009). Further, pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In Thompson, the Third Circuit Court of Appeals reviewed the plaintiff's claims that District Court Judge Pisano and Magistrate Judge Arleo should have recused themselves because the plaintiff filed a lawsuit against them. Thompson v. Eva's Village & Sheltering Program, 243 Fed. Appx. 697, 699 (3d Cir. 2007). The Court concluded that the plaintiff's "lawsuit against the Judges did not provide a basis for recusal." Id. The Thompson court explained, a "litigant's displeasure with the District Court's legal rulings is not an adequate basis for recusal." Id. (citing Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000)). The Court stated that "'[l]itigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a pro se litigant.'" Id. (quoting In re Mann, 229 F.3d 657, 659 (7th Cir. 2000)).

In a Memorandum and Order dated August 12, 2011, filed in Victor v. SCI-Smithfield, et al., Civil No. 08-1374 (M.D. Pa. 2008), this Court explained why Plaintiff's arguments for Magistrate Judge Carlson's recusal are meritless. In that case, this Court also denied Plaintiff's appeal of the Magistrate Judge's decision to deny the motion for recusal. After consideration of Claim #1 of the Amended Complaint filed in the instant action and for the reasons set forth in the opinions noted above, this Court finds that Plaintiff's claim against Magistrate Judge Carlson is frivolous, malicious, and fails to state a claim upon which relief may be granted. Accordingly, it will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Additionally, in Cooley, the Court held that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Cooley v. Merski, 2008 U.S. Dist. LEXIS 50271, *15 (W.D. Pa. 2008) (citing Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006); Bolick v. Pennsylvania, 2005 U.S. Dist. LEXIS 30140 (E.D. Pa. 2005) ("The undersigned district judge cannot be disqualified under 28 U.S.C. § 455(a) merely because [plaintiff] disagrees with his decision.")). Judicial immunity applies even if the judge's action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978)). The Cooley court concluded that because the judge acted within the scope of his jurisdiction, his actions were covered by judicial immunity and the plaintiff's claims were barred. Id. at *13; see also In re Higgins, 2011 U.S. App. LEXIS 7201 (3d Cir. 2011) (holding that because the dismissal of the plaintiff's prior case was a judicial action and there were no facts suggesting that the magistrate judge acted in the complete absence of all jurisdiction, the magistrate judge was immune from suit).

Here, there is no question that Magistrate Judge Carlson had jurisdiction in <u>Victor v. SCI-Smithfield, et al.</u>, Civil No. 08-1374 (M.D. Pa. 2008), and acted within the scope of his judicial duties. Consequently, Plaintiff's claim against Magistrate Judge Carlson may also be dismissed because he is immune from suit. See 28 U.S.C. § 1915A(b)(2).

Moreover, Rule 20 of the Federal Rule of Civil Procedure sets forth the test for determining whether parties are properly joined in an action. In pertinent part, the Rule provides:

> (a) Permissive Joinder. All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences** and if any question of law or fact common to all defendants will arise in the action....

FED. R. CIV. P. 20(a) (emphasis added). Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. See 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 at 410-12 (3d ed. 2001).

The original Complaint raised claims against corrections officials at SCI-Coal for conduct allegedly occurring at SCI-Coal between February 17, 2010 and May 11, 2011. The Amended Complaint, while reasserting many of these claims, also added Magistrate Judge Carlson as a defendant for his judicial actions beginning on August 9, 2009 in Plaintiff's prior case. Claim #1 of the Amended Complaint clearly violates Rule 20, as it raises a new cause of action occurring during different dates against a person not involved in the allegations of the original Complaint. Although Rule 20 generally does not prohibit a plaintiff from filing the new claim in a separate cause of action, based on the reasons set forth above, Magistrate Judge Carlson is immune from suit and any such claim against him would be frivolous.

4

**Conclusion**

This Court has screened Plaintiff's Amended Complaint and determined that Claim #1 is frivolous, malicious, fails to state a claim, and seeks relief from a defendant, Magistrate Judge Carlson, who is immune from suit. Pursuant to 28 U.S.C. § 1915A, this claim will be dismissed and Magistrate Judge Carlson will be terminated as a defendant in this action. While Plaintiff's Amended Complaint also violates the permissive joinder rule of the Federal Rules of Civil Procedure, he will not be permitted to refile this claim in a separate action because it is not cognizable. Consequently, Plaintiff's motion for recusal, which fails to provide sufficient grounds for relief, will be also denied.

_____
**United States District Judge**

**Date:** August 12, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM VICTOR,<br>     Plaintiff | :<br>:<br>: CIVIL NO. 3:11-CV-891 |
| v. | :<br>: |
| D. VARANO, et al.,<br>     Defendants | : (JUDGE NEALON)<br>: (MAGISTRATE JUDGE CARLSON)<br>: |

## ORDER

NOW, THIS 12th DAY OF AUGUST, 2011, **IT IS HEREBY ORDERED THAT:**

1. Claim #1 against Magistrate Judge Martin C. Carlson is **DISMISSED** as frivolous and he is **TERMINATED** as a defendant in this action;

2. Plaintiff's letter requesting that Magistrate Judge Carlson be removed as the referral judge in this matter, (Doc. 28), is **DENIED**;

3. This matter is **REMANDED** to Magistrate Judge Carlson for further proceedings; and

4. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

*[signature]*
**United States District Judge**