**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM VICTOR,                          :
      Plaintiff                   :
                        :   CIVIL NO. 3:11-CV-891
      v.                          :
                        :   (JUDGE NEALON)
D. VARANO, et al.,                       :   (MAGISTRATE JUDGE CARLSON)
      Defendants                  :

**MEMORANDUM and ORDER**

On May 11, 2011, Plaintiff, an inmate currently incarcerated at the State Correctional

Institution Coal Township, Pennsylvania ("SCI-Coal"), filed a civil rights action pursuant to 42

U.S.C. § 1983 against eighteen (18) corrections officials at SCI-Coal. (Doc. 1). The Complaint

alleged, inter alia, that Plaintiff was denied mental health treatment for his post-traumatic stress

disorder, was issued false misconducts and otherwise retaliated against, had his property

destroyed or taken from his cell, was subjected to excessive force on April 28, 2011, and was

continually harassed and threatened. (Id.). On July 12, 2011, Plaintiff filed an Amended

Complaint, which identified two (2) of the John Doe defendants named in the original

Complaint, substituted several defendants, and added two claims. (Doc. 23). One of the new

claims related to the medical treatment Plaintiff received at SCI-Coal and the other, which

alleged error by the Magistrate Judge in refusing to recuse himself from Victor v. SCI-

Smithfield, et al., Civil No. 08-1374 (M.D. Pa. 2008) (Nealon, J.), has been dismissed. See

(Doc. 23, Claims #1 and #7); (Doc. 33, p. 5) (concluding that "Claim #1 is frivolous, malicious,

fails to state a claim, and seeks relief from a defendant, Magistrate Judge Carlson, who is

immune from suit").

On August 9, 2011, Plaintiff filed a motion for injunctive relief and a temporary restraining order. (Doc. 30). After the motion was fully briefed, on September 12, 2011, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion be denied. (Doc. 45); see also (Docs. 31, 37, 42). No objections have been filed, the matter is ripe for disposition, and for the reasons set forth below, the R&R will be adopted.

**Discussion**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

After review of the instant record, no error is discerned from the R&R. Magistrate Judge Carlson determines that Plaintiff seeks one (1) of two (2) alternate forms of injunctive relief: his

transfer out of SCI-Coal or mental health therapy in a secure area of the RHU and treatment for pain in his face, ear, and mouth. (Doc. 45, pp. 2-3). First, the Report thoroughly outlines the standard of review for a preliminary injunction. (Id. at pp. 3-9).[1]

The Magistrate Judge then explains why Plaintiff did not meet his burden of showing a likelihood that he would succeed on the merits of his claims. (Id. at pp. 9-17). To the extent that Plaintiff sought transfer to another prison, the R&R states: "it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification." (Id. at p. 110) (citing Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976)). In analyzing Plaintiff's request for specific types of mental health counseling, Magistrate Judge Carlson discusses the exacting standard to sustain an Eighth

---

[1]The R&R states, inter alia:

"Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D. Pa. Sept. 24, 2006) (denying inmate preliminary injunction). A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir. 1992)).

(Doc. 45, pp. 3-4).

Amendment deliberate indifference claim. (Doc. 45, pp. 11- 16).  The Report further explains, "where it is shown that an inmate is receiving regular, and almost weekly, mental health counseling, requests for injunctive relief, in the form of orders directing a prison transfer or some additional heightened level of care, have been rejected by the courts." (Doc. 45, pp. 16-17) (finding that Plaintiff is being treating by the psychology staff on an almost weekly basis), citing Sides v. Law, 283 F. App'x 930 (3d Cir. 2008)).

Next, Magistrate Judge Carlson determines that the motion for injunctive relief does not comply with the statutory requirements. (Doc. 45, p. 17).  Specifically, the motion did not include a prayer for relief and did not explain whether administrative remedies have been exhausted. (Id.).

The R&R also concludes that Plaintiff failed to demonstrate irreparable harm. (Doc. 45, pp. 19-20).  The Magistrate Judge finds that because the ultimate issues in the lawsuit are inextricably intertwined with the assertions in Plaintiff's motion for preliminary injunction, a ruling on the motion might be perceived as speaking in some way to the ultimate issues and should not be made. (Id.), quoting Messner v. Bunner, 2009 WL 1406986, *5 (W.D. Pa. 2009) (The "plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of defendants' motion to dismiss, or at trial. As a result, plaintiff's motion for preliminary injunction should be denied.").

Finally, after balancing the interests of the public and the parties, the Magistrate Judge determines that granting injunctive relief could result in greater harm. (Doc. 45, p. 21) (citing Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994)).  Accordingly, Magistrate Judge Carlson

4

recommends that Plaintiff's motion for a preliminary injunction be denied.  (Id.).

**Conclusion**

      After review of the R&R and in the absence of objections, this Court cannot say that the

Report contains plain error.  The R&R, (Doc. 45), will be adopted and Plaintiff's motion for

injunctive relief and a temporary restraining order, (Doc. 30), will be denied.

                                                 **United States District Judge**

**Date:** October 21, 2011

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,                           :
      Plaintiff                 :
                                 :      CIVIL NO. 3:11-CV-891
    v.                            :
                                 :      (JUDGE NEALON)
D. VARANO, et al.,                        :      (MAGISTRATE JUDGE CARLSON)
      Defendants                :

### ORDER

**NOW**, THIS 21st DAY OF OCTOBER, 2011, **IT IS HEREBY ORDERED THAT:**

1.    The Report and Recommendation (Doc. 45) is **ADOPTED**;

2.    Plaintiff's motion for injunctive relief and a temporary restraining order (Doc. 30) is **DENIED**;

3.    This matter is **REMANDED** to Magistrate Judge Carlson for further proceedings; and

4.    Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.


**United States District Judge**