IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
APR 0 3 2012
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

WILLIAM VICTOR,
    Plaintiff

        CIVIL NO. 3:11-cv-891

v.

        (JUDGE NEALON)
D. VARANO, et al.,        (MAGISTRATE JUDGE CARLSON)

    Defendants

## MEMORANDUM

On May 11, 2011, Plaintiff, William Victor, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against personnel at the Pennsylvania State Correctional Institute ("SCI") in Coal Township, Pennsylvania. (Doc. 1). On January 30, 2012 and on February 29, 2012, Plaintiff filed motions for a temporary restraining order and other injunctive relief "directing Defendants and agents of to feed me, allow me access to court, legal property & mail and exhaustion of all issues" and seeking a hearing and restraining order against "SCI-Camp Hill employees." (Docs. 72 & 81.)   On March 1, 2012, Magistrate Judge Martin C. Carlson filed a Report and Recommendation ("R&R") recommending that the motions be dismissed as moot since Plaintiff was no longer housed at SCI-Coal Township. (Doc. 83). To date, no objections to the R&R have been filed and for the reasons set forth below, the R&R will be adopted.

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

After review, this Court finds no error in the R&R. See (Doc. 83). The Magistrate Judge determined that it is undisputed that Plaintiff is now housed at SCI-Camp Hill. (Doc. 83). The Magistrate Judge properly concluded that Plaintiff's requests for injunctive relief against the Defendants in this matter, employees of SCI-Coal Township, should be denied as moot. (Doc. 83, p. 6) citing Sutton v. Rasheed, 323 F.3d 235, 248 (3d Cir. 2003) and Griffin v. Beard, No. 09-4404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010)(transfer from SCI-Huntingdon renders inmate injunctive relief claim moot). Further, to the extent either motion seeks injunctive relief from employees of SCI-Camp Hill who are not named Defendants in this action, this Court is prevented by the Federal Rules of Civil Procedure from entering an injunction in this matter against persons who are not named parties or their officers, agents, servants, employees and attorneys or those persons in active concert with named Defendants. FED.R.CIV.P. 65(d)(2). As Magistrate Judge Carlson noted, injunctive relief against employees of SCI-Camp Hill would be more appropriate in Plaintiff's action naming those staff members as defendants. (Doc. 83, n. 1). Accordingly, the R&R will be adopted. A separate Order will be issued.

_____
**Date: April 3, 2012**             **United States District Judge**