**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | |
| | : | **Civil No. 3:11-CV-891** |
| **Plaintiff** | : | |
| | : | **(Judge Nealon)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DAVID VARANO, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

William Victor, an inmate in the custody of the Pennsylvania Department of Corrections, commenced the above-captioned action on May 11, 2011.  (Doc. 1) Victor amended the complaint on July 12, 2011.  (Doc. 23)  Subsequently, Victor sought permission to submit a motion to file a second amended complaint by February 13, 2012.  The Court granted that request, but Victor never submitted the motion he had asked permission to file.

Instead, two months later, on April 11, 2012, Victor returned to the Court to request that he be provided with a copy of his previously filed amended complaint, replacement copies of the written discovery documents the Defendants had produced, and that he be given an additional 60 days to file a motion to amend the complaint. (Doc. 95)  Victor also requests that discovery be continued for 90 days, and that the

Court prevent Defendants from taking his deposition until after he has prepared and filed his second amended complaint.  (Id.)

Upon consideration, on April 12, 2012, we entered an order granting Victor's request in part without the Court unnecessarily delaying this action through further briefing.  (Doc. 97)  In that order, we directed the Clerk of Court to furnish Victor with a copy of his amended complaint, and we directed Defendants to provide Victor with another copy of written discovery responses that were previously produced.  We also granted Victor's request that his deposition in this case be scheduled after he has submitted a motion for leave to file a second amended complaint, together with a copy of the proposed complaint.

However, because we concluded that Victor had by that time been given a substantial opportunity to litigate this matter over the prior year, including multiple extensions of deadlines, we found it inappropriate to grant an additional two months for Victor to prepare a second amended complaint.  Instead, we directed Victor to file a motion for leave to submit a second amended complaint, together with a copy of the proposed second amended complaint, by Friday, May 4, 2012.  (Id.)

In our order we further included a detailed recitation of the halting procedural history that had plagued this litigation, and we explicitly placed Victor on notice that

no further extensions of time, or additional delays, would be permitted absent a compelling showing of good cause.

On April 24, 2012, Victor filed a motion for leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. (Doc. 98) In the motion, Victor sought leave "to add defendants in this matter as well as new claims that occurred after the amended complaint was filed . . . ." (Id.) The motion represented that Victor had submitted a legal brief that would provide support for the motion. (Id.) That brief, a spare, two-page document, suggested that Victor was claiming civil rights violations "that occurred after he filed the amended complaint involving some of these same and different defendants," and provided in material part only as follows:

> Plaintiff does not wish to delay this matter any more than necessary and yet argues it would be prudent to supplement and establish a connection and more than inadvertant [sic] motive for continued retaliation and abuse that occurred at SCI-Coal and a subsequent facility (Mahanoy) on or about Oct. 14, 2011 and Nov. 9, 2011 and respectfully ask this court to grant this motion after review of copy attached and any such further relief necessary.

(Doc. 99)

Defendants filed a timely brief opposing the motion, arguing that Victor's request lacked any detail regarding the purported supplemental allegations, or about

any connection between the new, vague allegations and the averments in the amended complaint. (Doc. 100)  In addition, Defendants argue that if Victor is permitted to supplement his complaint in this fashion, at this stage of the litigation, it would result in unnecessary delay.  (Id.)  Defendants observe that Victor has provided no justification for seeking to supplement his amended complaint in this manner, and they suggest that Victor be required to initiate a new civil action he believes he has a valid claim of retaliation against new individuals.  (Id.)

Upon consideration, we conclude that Victor has provided insufficient explanation regarding his proposed supplemental allegations, or the substantial delay in bringing these allegations.  Victor's overly general description of additional instances of alleged retaliation are simply insufficient to permit the Court or Defendants to evaluate whether they are properly the subject of a supplemental complaint.  We have twice previously endeavored to provide Victor with some guidance in response to his request to supplement or further amend his complaint in this action, (Docs. 65, 97), but our efforts have failed to yield a motion justifying such relief.  Although we are mindful of the liberal standards applicable to motions for leave to amend or supplement pleadings under Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure, we are constrained to find that Victor's request for leave

fails to meet or surpass even these modest thresholds.  Accordingly, the motion will be denied.

## II.   **PROCEDURAL HISTORY**

Ths is a civil rights action brought by William Victor, a state prisoner who is proceeding *pro se.* Victor, an inmate previously incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), and who is now held in the Special Management Unit at SCI-Camp Hill, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 on May 11, 2011, which initially named more than 20 corrections officials at SCI-Coal Township as Defendants. (Doc. 1) On June 27, 2011, Victor was granted leave to file an amended complaint on or before July 15, 2011.  (Doc. 17) Victor filed an amended complaint on July 12, 2011, (Doc. 23),which also named twenty Defendants and contained an array of claims, including allegations of medical neglect, use of excessive force, retaliatory discipline, and destruction of personal property. (Id.) The Defendants have filed an answer to this complaint (Doc. 26), and the parties are currently litigating the matters relating to Victor's claims in this amended complaint.

On December 15, 2011, Victor moved to enlarge the discovery and dispositive motions deadlines by 90 days.  (Docs. 61)  In addition, Victor requested that his

deposition in this action be delayed until he has filed a supplemental amended complaint, which he proposed to file by January 12, 2012.  (Id.)

Defendants promptly responded to Plaintiff's motion, representing that although they did not oppose an enlargement of the discovery and dispositive motions deadlines, and although they were agreeable to postponing Victor's deposition, they asserted that Victor should be required to move for leave to file a second amended complaint, or to move to supplement his complaint, and to describe for the Court and Defendants the parties, facts, and claims he intends to add to the new or supplemental pleading.  (Doc. 63)

On December 19, 2011, the Court issued an order granting Victor's motion, in part.  In our order, we directed Victor to file a motion seeking leave to amend or supplement his complaint by January 12, 2012, and we enlarged discovery and other case-management deadlines.  (Doc. 65)

On January 12, 2012, the day he was to have filed his motion seeking leave to amend or supplement his complaint, Victor instead filed a motion seeking an additional 30 days to file his motion and proposed amended complaint.  (Doc. 67) The Court immediately entered an order granting the requested extension, directed Plaintiff to file a motion for leave to file an amended or supplemental complaint, with

a supporting brief, on or before Thursday, February 13, 2012, and adjusted other case-management deadlines. (Doc. 69)

Victor failed to submit a motion for leave to file a supplemental or second amended complaint by February 13, 2012, though around this time he did write several letters to the Court, and also litigated a motion seeking a temporary restraining order on grounds that corrections officers at SCI-Camp Hill had unlawfully removed or destroyed his legal property, and were otherwise subjecting him to retaliation. (Docs. 70, 71, 72, 73, 74)

Due in part to Victor's wide-ranging and very serious allegations in these letters and motion papers, the Court compelled counsel for Defendants in this action to inquire into, and respond to, Victor's claims that prison officials at SCI-Camp Hill were interfering with Victor's ability to review his legal materials; communicate with the Court about his pending cases; obtain copies of legal documents; and otherwise participate meaningfully in both of his then-pending civil actions.[1]   Defendants' counsel complied with this order, and filed a timely response on February 22, 2012,

---

[1] In addition to the instant action, Victor was also the Plaintiff in a case that was recently tried a jury verdict in Victor v. Lawler, et al., No.3:08-CV-1374, which resulted in a judgment being entered in favor of the Defendants on May 29, 2012.  Victor has also filed another action, which arises out of alleged misconduct and disciplinary proceedings at SCI-Camp Hill, and which formed the basis for his requested preliminary injunctive relief in this case.  See Victor v. Huber, et al., No.3:12-CV-282.

representing that corrections officials had informed her that no one is tampering with Victor's legal materials, depriving him of legal documents and materials necessary to litigate pending matters, destroying legal documents, intimidating the Plaintiff, or interfering with his ability to communicate with the Court about his pending matters. (Doc. 79)

For his part, Victor responded by dismissing counsel's response as "a complete lie" and urging the Court to become embroiled in the dispute by convening evidentiary hearings. (Doc. 80)  In addition, on February 29, 2012, Victor proceeded to file a second motion seeking emergency injunctive relief concerning entirely new allegations of alleged retaliation and harassment on the part of SCI-Camp Hill corrections staff. (Docs. 81, 82)  Victor also proceeded to submit multiple letters to the Court in which he made further allegations against the Defendants and requested that the Court take assorted action in this case, as well as in other litigation and habeas proceedings that Victor is litigating. (Docs. 84, 85, 86, 87)

On April 3, 2012, the District Court entered an order denying Victor's motions for injunctive relief, and remanded this case to the undersigned for further proceedings. (Doc. 89)

On April 5, 2012, Defendants filed a motion for leave to take Victor's deposition, observing that they had been instructed to withhold from such deposition

until after Victor filed leave to submit a second amended complaint on February 13, 2012, and noting that Victor had failed to comply with this deadline. (Doc. 90) The Court granted this motion, and directed Defendants to take Plaintiff's deposition within 30 days. (Doc. 93) Also on April 5, 2012, Defendants moved for an extension of time to file dispositive motions until July 1, 2012. (Doc. 92) The Court entered an order granting this motion on the same day. (Doc. 94)

On April 11, 2012, Victor filed a motion requesting that he be provided with additional copies of his amended complaint and the written discovery that the Defendants previously produced to him, that he be given 60 additional days to prepare a second amended complaint, and that Defendants be prevented from deposing him until after his files his proposed second amended complaint. (Doc. 95)

We ruled on this motion the following day, April 12, 2012, by: (1) adjusting the case management deadlines in the case; (2) directing Defendants to furnish Victor with another set of written discovery responses that they previously produced; and (3) ordering Victor to file a motion for leave to file an amended or supplemental complaint by May 4, 2012, "along with a supporting brief and a copy of the proposed second amended or supplemental complaint." (Doc. 97, at 10-11)

On April 24, 2012, Victor filed a motion for leave to file a supplemental complaint, together with a two-paragraph brief in support of the motion. (Docs. 98,

99) Despite our clear instruction in the April 12, 2012, order, Victor failed to provide a copy of the proposed supplemental complaint.   Indeed, Victor provided no meaningful description of the proposed supplemental claims themselves, other than to indicate that they involve some of the already named Defendants, together with some new unnamed Defendants, concerning unspecified incidents alleged to have occurred on or about October 14, 2011, and November 9, 2011.   Defendants filed a brief in opposition to the motion on April 25, 2012, (Doc. 100), and Victor declined to file a reply brief in further support of the motion.

## III.   <u>DISCUSSION</u>

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings.   Fed. R. Civ. P. 15.   Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier.   Fed. R. Civ. P. 15(a)(1)(A) and (B).   "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires."   Fed. R. Civ. P. 15(a)(2).

The Third Circuit has embraced a liberal approach to granting leave to amend pleadings under Rule 15(a)(2) in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." <u>Dole v. Arco Chem. Co.</u>, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).  Consistent with this policy, leave to amend should ordinarily be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Oran v. Stafford</u>, 226 F.3d 275, 291 (3d Cir. 2000).

Rule 15(d), in turn, governs the submission of supplemental pleadings.  That rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  A supplemental complaint thus "refers to events that occurred after the original pleading was filed" whereas an amendment to a complaint "covers matters that occurred before the filing of the original pleading but were overlooked at the time." <u>Owens-Illinois, Inc. v. Lake Shore Land Co.</u>, 610 F.2d 1185, 1188-89 (3d Cir. 1979); <u>see also</u> Moore's Federal Practice 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleading.").   Thus, the

11

purpose of the rule "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." <u>Carl Zeiss Meditec v. Xoft, Inc.</u>, C.A. No. 10-308-LPS/MPT, 2011 U.S. Dist. LEXIS 36785, * 4 (D. Del. April 5, 2011) (citation omitted).

"The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice." <u>Micron Tech. v. Rambus, Inc.</u>, 409 F. Supp. 2d 552, 558 (D. Del. 2006) (citing <u>Medeva Pharma Ltd. v. Am. Home Prods. Corp.</u>, 201 F.R.D. 103, 104 n.3 (D. Del. 2001)).  Application of Rule 15(d) in a given case is committed to the Court's broad discretion. <u>Intel Corp. v. Amberwave Sys. Corp.</u>, 233 F.R.D. 416, 418 (D. Del. 2005).

In our April 12, 2012, order, we provided Victor the opportunity to seek leave to file either a second amended complaint or a supplemental complaint, and we took care to explain for his benefit that a "supplemental" complaint under Rule 15(d) is a document that does not replace an extant pleading, but instead supplements that pleading to include "any transaction, occurrence, or event that happened <u>after</u> the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).  In our order we explained the purpose of the rule, and we provided the following explicit instruction:

> On or before **Friday, May 4, 2012**, Plaintiff shall file a motion for leave to file an amended or supplemental complaint, along with a supporting brief and a copy of the proposed second amended or supplemental complaint. **There will be no further extensions to seek permission to file another amended complaint in this action absent a showing of good cause**.

(Doc. 97, p. 11 ¶ 3)

Despite having twice provided Victor with opportunities to seek leave to amend or supplement his complaint pursuant to his request – in a case that has already seen one amended complaint – Victor has failed to comply with the Court's instructions regarding the submission of a motion to file a supplemental complaint, in particular by failing to submit a copy of the proposed supplemental complaint. The absence of a supplemental complaint makes it impossible for the Court to evaluate meaningfully whether the proposed supplemental allegations are appropriately brought as part of this lawsuit, or whether they concern separate matters that should properly be brought in a standalone action. The generic allegation that "some of the[] same and different defendants" were involved in unspecified incidents that took place "on or about Oct. 14, 2011 and Nov. 9, 2011" is simply inadequate to persuade us that the Defendants should be required to answer to a new, supplemental complaint in this action.

IV.   **ORDER**

Accordingly, upon due consideration of Victor's motion to file a supplemental

complaint (Doc. 98), and for the reasons set forth above, IT IS HEREBY ORDERED

THAT the motion is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
Untied States Magistrate Judge

14